**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

JULIE A. TAMM and
ROSEANNA M. PRZYBYLSKI,
    Plaintiffs,

v.

MILAN NERAD
in his official and personal capacities,
    Defendants
_____/

Case No.: 23-cv-449

Honorable _____

**COMPLAINT
JURY DEMANDED**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

_____

**COMPLAINT**

NOW COMES Plaintiffs JULIE A. TAMM and ROSEANNA M PRZYBYLSKI, by and through counsel, and complains as follows:

**PARTIES**

1. Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI are the owners of property located in the Township of Lincoln, County of Newaygo, State of Michigan.

2. Defendant MILAN NERAD is an official with the Township of Lincoln serving as an ordinance enforcement officer; he is sued in both his official and personal capacities.

**JURISDICTION**

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, § 1343, and § 1367(a) as this case involves federal questions and federal civil rights under 42 U.S.C. § 1983 and supplemental state law claims pursuant to 28 U.S.C. § 1367.

1

**GENERAL ALLEGATIONS**

4. Plat of Reed's Diamond Lake Park is statutorily subdivided parcel of property located the Township of Lincoln, Newaygo County, Michigan.

5. A copy the Plat of Reed's Diamond Lake Park is attached as **Exhibit 1**.

6. The Plat of Reed's Diamond Lake Park has subdivided certain lands within Lincoln Township into various lots, streets, and parks.

7. The Plat of Reed's Diamond Lake Park dedicates the "use," but not conveying ownership to, the "pass, drive, trail way, walks, roads and parks" to the "public." **Exhibit 1.**

8. Plaintiffs JULIE A. TAMM and ROSEANNA M PRZYBYLSKI are the co-owners of private real improved property known as Lots 84 & 85 of Reed's Diamond Lake Park subdivision and commonly known as 698 West Mohawk Trail, White Cloud, Michigan (hereinafter the "West Mohawk Trail Property"). See **Exhibit 2.**

9. Across the street from their West Mohawk Trail Property is a parcel of land existing between Lots 114 and 115 of the Plat of Reed's Diamond Lake Park that was dedicated to the public for "use" as a "park" (hereinafter the "West Park Property")—



OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

10. While the Plat uses the term "park" to describe the "use" dedicated, the West Park Property is not a "community" park in any traditional sense of the term; it is a grassy roadside area that has never been developed or improved by Lincoln Township as a park for the residents of the subdivision or for the public as a whole since its dedication.

11. The Court can see a video of the same at https://youtu.be/bwKzfL6lzD0 or have a quick view by this screenshot from the south-end looking north.



12. As part of their and their predecessors' time and ownership of the West Mohawk Trail Property, Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI have obtained, by operation of law, a prescriptive property right to seasonally place a dock at the water's edge of Diamond Lake at the West Park Property and moor their boat(s) during the summer months.

13. Additionally, Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI have obtained the prescriptive right to seasonally store their dock at the shore's edge in the West Park Property during the winter months within the Plat of Reed's Diamond Lake Park.

14. The West Park Property has never been developed or maintained by the Township of Lincoln for use as a public park.

15. On information and belief, the Township of Lincoln has never spent any or meaningful monies connected with the West Park Property.

16. For reasons that are still unknown, this tiny township government decided that they needed to start to "regulate"—heavily—the West Park Property even though the Township of Lincoln is not now or ever has been the fee owner of the West Park Property.

3

17. The size of Lincoln Township is extremely small, consisting of approximately only 1,300 residents.

18. On February 20, 2020, the Township of Lincoln ordained what it calls the "Lincoln Township Road End and Access Easement Ordinance."

19. Also on or about February 20, 2020, the Township of Lincoln ordained what it calls the "Lincoln Township Waterfront Park Ordinance – II," which was the subject of a prior suit before this Court in *Tamm et al v. Nerad et al* (Case No. 1:21-cv-00322).

20. Claiming legal infirmities with the latter ordinance when Lincoln Township Waterfront Park Ordinance – II was attempted to be enforced, Plaintiffs previously sued Defendant MILAN NERAD challenging the legality and false legal assumptions he made under the "Lincoln Township Waterfront Park Ordinance – II."

21. The result of that lawsuit was a consent judgment that largely invalidated the legal scope of the "Lincoln Township Waterfront Park Ordinance – II" upon Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI's use of the West Park Property.

22. The outcome of that case incensed Defendant MILAN NERAD because it removed his ability to regulate, with a heavy-hand, against Plaintiff JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI and their property rights.

23. So rather than respect the property rights of Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI, Defendant MILAN NERAD retaliated once again using different theories and ordinances, which also suffer from legal infirmities.

### *Ticket No. 1088*

24. Under the Lincoln Township Road End and Access Easement Ordinance, Section 5 provides, after being enacted in February 2020, that every dock and pier (or any portion thereof), shorestation, boat hoist, swim raft and similar item shall be entirely removed from the waters of Diamond Lake during the time period from November 15 through the following April 15."

25. That ticket, issued on January 20, 2023 as Lincoln Township Municipal Civil Infraction Ticket No. 1088, alleged that Plaintiff JULIE TAMM failed to remove the dock owned by Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI from the waters of Diamond Lake in violation of the "Lincoln Township Lakes Road End and Access Easement Ordinance."

26. On information and belief, Section 5 of the Lincoln Township Lakes Road End and Access Easement Ordinance has never been enforced by Defendant MILAN NERAD except as against Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI.

27. A drone video taken on April 2, 2023 of the shoreline of Diamond Lake shows *many* docks and piers still installed and existing in Diamond Lake during the winter season prior to April 15, 2023. See https://youtu.be/mbLTtLON4qk.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

4

28. Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI did not have their seasonal dock erected or installed in the waters of Diamond Lake but instead placed on the shoreland along Diamond Lake consistent with their rights under Michigan law—



29. But even if they had their seasonal dock erected or any part thereof installed into Diamond Lake, it would be consistent with what many others have done along the shore of Diamond Lake who were not and never are ticketed by Defendant MILAN NERAD. See https://youtu.be/mbLTtLON4qk.

### Ticket No. 1091

30. Also on January 20, 2023, Defendant MILAN NERAD issued as Lincoln Township Municipal Civil Infraction Ticket No. 1087 and alleged that Plaintiff JULIE TAMM had stored the dock owned by Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI on the West Park Property contrary to Section 4.3 of Ordinance No. 08-01.

31. At a hearing on the ticket held on March 30, 2023, the Newaygo County District Court (Drake, J) dismissed the ticket because Ordinance No. 08-01 only applied to property that did not include the West Park Property.

32. The formal dismissal document was issued on April 19, 2023. **Exhibit 4.**

33. On the same day as when the Newaygo County District Court dismissed the Ticket No. 1087, Defendant MILAN NERAD then issued Ticket No. 1091.

34. This ticket alleged that Plaintiff JULIE TAMM stored the dock owned by Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI on the shore of Diamond Lake in the West Park Property during the "off season" in alleged violation of Section 4.3 of Ordinance No. 20-01 as amended by Ordinance No. 21-01.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

35. That Ordinance provides that "no dock, wharf, pier, shorestation, boat cradle, boat launch, boat tether, buoy, or similar item shall be installed, stored, kept, or utilized on or at the Park (or the shoreline or bottomlands thereof) with certain exceptions.

36. One of those exceptions provides "Lots 84 [and] 85… of the plat shall each be allowed one (1) seasonal dock."

### *Legal Nature of Dedicated Property for "Use"*

37. When a property is dedicated by a plat proprietor for "use", it only provides an *easement* and not fee ownership or fee simple title. *Dobie v. Morrison*, 227 Mich. App. 536, 540; 575 N.W.2d 817 (1998) ("the use" of others is consistent with a grant of an easement, not a grant of fee ownership).

38. At best, the Township of Lincoln is the trustee of the dedicated public "uses" held "in trust" pursuant to Public Act 360 of 1925. See **Exhibit 8.**

39. A grantee of property in a platted subdivision acquires a private right entitling him to the use of the public dedicated property features wholly apart of the public's uses. See *Nelson v. Roscommon Cnty. Rd. Comm'n.*, 117 Mich. App. 125, 132; 323 N.W.2d 621 (1982).

40. Nowhere in the Plat of Reed's Diamond Lake Park is any property dedicated or conveyed to the Township of Lincoln as the fee owner.

41. The Township of Lincoln has, at best, a "nominal fee" which means it has "acquired no beneficial ownership of the land" under Michigan law.

42. The Township of Lincoln is not the fee holder of the West Park Property.

43. Plaintiffs, by counsel, assert the "fee" holders of the West Park Property are the adjacent property holders, i.e. the owners of Lots 114 and 115, while the West Park Property is bound by only what can be described as a type of easement or "base fee" in favor of the public.

44. By Michigan law, the Township of Lincoln does not "possess the usual rights of a proprietor" of land.

45. Further, by not being the fee holder, the Township of Lincoln does not own or have rights in, to, or use of the lake bottoms of Diamond Lake adjacent to the West Park Property.

46. Riparian or littoral rights belong to the fee holder of the West Park Property; the Township of Lincoln is not the fee holder of the West Park Property.[1]

---

[1] While the Township Ordinance purports to authorize "docks… for governmental or public day use by the Township or Newaygo County," it is subject "to the extent allowed by law." Under Michigan law, the

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## COUNT I
## FIRST AMENDMENT RETALIATION
## 42 U.S.C. § 1983

47. The prior paragraphs are repled herein.

48. The First Amendment, incorporate against Defendant MILAN NERAD by way of the Fourteenth Amendment, recognizes that Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI have the right to petition their government for redress of grievances without retaliation.

49. Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI engaged in protected conduct by petitioning activity before this Court for the redress of their grievances by way of the former lawsuit captioned as *Tamm et al v. Nerad et al* (Case No. 1:21-cv-00322).

50. In response, Defendant MILAN NERAD has thereafter undertaken adverse action against Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI in the form of municipal infraction when others are committing the same alleged offense are not receiving tickets.

51. Receiving costly and adverse tickets in such fashion would deter a person of ordinary firmness from continuing to engage in the conduct of seeking to petition for the redress of their grievances from the courts.

52. There is a causal connection between the protected activity and the adverse action of uneven ticketing that is or was motivated, at least in part, by Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI's protected conduct.

53. Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI have suffered damages as a result of Defendant MILAN NERAD's actions.

54. Defendant MILAN NERAD, in his official capacity, is liable under *Monell* as flowing from the execution of the municipality's policy or custom pursuant one or more of the four methodologies provided by *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

55. The acts and decisions of Defendant MILAN NERAD, in his personal capacity, were designed to intentionally or wantonly causing harm due to the utter disregard of Plaintiffs' federally protected rights.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

---

township does not have the right to erect a dock as an easement holder who has not been granted riparian rights.

7

## COUNT II
## *LLEWELLYN* PREEMPTION
## (DECLARATORY JUDGMENT)

56. The prior paragraphs are repled herein.

57. Preemption by implication can occur when the local regulation directly conflicts with state law or when the state has occupied the entire field of regulation in a certain area.

58. Part 301 fully and completely regulates inlands lakes and streams. MCL 324.30101 et seq

59. As part of that field of regulation, extensive state permitting is required for use and development of structures and activities related to inland lake waters and bottomlands. MCL 324.30102.

60. However, a permit is expressly not required for "a seasonal structure placed on bottomland to facilitate private noncommercial recreational use of the water if it does not unreasonably interfere with the use of the water by others entitled to use the water or interfere with water flow." MCL 324.30103.

61. Section 5 of the Lincoln Township Lakes Road End and Access Easement Ordinance attempts to regulate the time-frame of when a seasonal structure can or cannot be placed into the waters of Diamond Lake but is preempted under Part 301 (Inland Lakes and Streams) of the *Natural Resources and Environmental Protection Act.*

62. The Michigan Legislature, through its enactment of Part 301 (Inland Lakes and Streams) of the *Natural Resources and Environmental Protection Act*, has fully pre-empted the relevant portion of Section 5 of the Lincoln Township Lakes Road End and Access Easement Ordinance.

63. That portion of the Lincoln Township Lakes Road End and Access Easement Ordinance being preempted renders Defendant MILAN NERAD's enforcement as unlawful for lack of legal effect.

## COUNT III
## REASONABLENESS CHALLENGE – *SQUARE LAKE*

64. The prior paragraphs are repled herein.

65. In reviewing Section 5 of the Lincoln Township Lakes Road End and Access Easement Ordinance, the court's "function is to determine whether a township ordinance is within the range of conferred discretionary powers and then determine if it is reasonable."

66. The reasonableness of an ordinance, a question of law, depends upon the particular facts of each case.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

8

67. The test for determining whether an ordinance is reasonable requires the assessment of the existence of a rational relationship between the exercise of police power and the public health, safety, morals, or general welfare in a particular manner in a given case.

68. Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI alleged that Section 5 of the Lincoln Township Lakes Road End and Access Easement Ordinance is excessively unreasonable as being outside the range of conferred discretionary powers possessed by Defendant MILAN NERAD.

69. Defendant MILAN NERAD cannot regulate or enforce when a seasonal dock can or cannot be installed in Diamond Lake when neither it nor the public has any right to access or utilize Diamond Lake through or from the West Park Property.

70. Because Section 5 of the Lincoln Township Lakes Road End and Access Easement Ordinance is unreasonable for failing a rational relationship, it is unlawful per *Square Lake Hills Condominium Ass'n v. Bloomfield Twp.*, 471 N.W.2d 321 (Mich. 1991).

## COUNT IV
## SELECTIVE ENFORCEMENT (EQUAL PROTECTION)
## 42 U.S.C. § 1983

71. The prior paragraphs are repled herein.

72. On information and belief[2], Defendant MILAN NERAD has issued municipal civil infraction ticket(s) against Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI while not enforcing the same against any other person who has the right to place a dock into the waters of Diamond Lake.

73. Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI are members of a protected group, i.e. ones who have previously an exercised their right to petition for the redress of their grievances under the First Amendment, when previous suing Defendant MILAN NERAD in federal court.

74. Defendant MILAN NERAD is actively prosecuting Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI for having a dock in the waters of Diamond Lake when others in a similar situation, who are not members of the defined protected group who exercise their First Amendment rights, are not and will not be prosecuted.

75. The reason for the prosecution was to discriminate against Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI by selectively enforcing local ordinance(s) in order to discourage or punish Plaintiffs JULIE A. TAMM and ROSEANNA M.

---

[2] Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI attend the monthly township meetings of Lincoln Township where Defendant MILAN NERAD reveals what tickets he has issued since the prior meeting.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

PRZYBYLSKI as to exercising of their constitutional rights under the First Amendment. See *Futernick v. Sumpter Twp.*, 78 F.3d 1051, 1056-1060 (6th Cir. 1996).

76. Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI have suffered damages as a result of Defendant MILAN NERAD's actions.

77. Defendant MILAN NERAD, in his official capacity, is liable under *Monell* as flowing from the execution of the municipality's policy or custom pursuant one or more of the four methodologies provided by *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

78. The acts and decisions of Defendant MILAN NERAD, in his personal capacity, were designed to intentionally or wantonly causing harm due to the utter disregard of Plaintiffs' federally protected rights.

## COUNT V
## FIFTH/FOURTEENTH AMENDMENTS TAKING
## 42 U.S.C. § 1983 (OFFICIAL CAPACITY ONLY)

79. The prior paragraphs are repled herein.

80. Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI have secured a valuable ripen property right to store their dock on the shore of Diamond Lake.

81. By the Lincoln Township Road End and Access Easement Ordinance, Defendant MILAN NERAD, in his official capacity, has taken that property right for a public purpose without the payment of just compensation.

82. Defendant MILAN NERAD has committed a taking by exceeding the limited scope of the plat's dedication under Michigan law and extinguishing Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI's rights to seasonally store their boat dock.

## COUNT VI
## INVERSE CONDEMNATION

83. The prior paragraphs are repled herein.

84. For all the same reasons outlined in Count V, Defendant MILAN NERAD violated the Michigan Constitution by the failure to pay just compensation and thereby committed an inverse condemnation premised on Article 10, Section 2 of the Michigan Constitution and/or the Fifth Amendment.

85. Plaintiffs JULIE A. TAMM and ROSEANNA M. PRZYBYLSKI have suffered constitutional damages.

## JURY DEMANDED

86. A jury trial is demanded for all triable issues.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**RELIEF REQUESTED**

87. WHEREFORE, Plaintiffs JULIE A. TAMM and ROSEANNA M PRZYBYLSKI respectfully requests this Court to—

    a.    Enter a money judgment awarding economic, non-economic, and/or nominal damages;

    b.    Enter a money judgment against Defendant MILAN NERAD, in his personal capacity, awarding punitive damages;

    c.    Enter a declaration that the challenged township ordinance(s) is or are unlawful and/or unconstitutional in all the ways outlined above;

    d.    Enter an injunction against the use or enforcement of the challenged township ordinance(s) as the same is unlawful and/or unconstitutional in all the ways outlined above;

    e.    Award "just compensation" damages under the Fifth Amendment and under the Michigan Constitution;

    f.    Award attorney fees and costs pursuant to 42 U.S.C. § 1988 and all other statutes, rules, or laws; and

    g.    Grant such relief as is warranted.

Date: May 2, 2023

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
by PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com